**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
LIANE KATZENSTEIN LY., Esq., Cal. Bar No. 259230
liane@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**DAVTYAN PROFESSIONAL LAW CORPORATION**
EMIL DAVTYAN, Esq., Cal. Bar No. 299363
support@davtyanlaw.com
5959 Topanga Canyon Blvd., Suite 130
Woodland Hills, California 91367
Telephone: (818) 875-2008
Fax: (818) 722-3974

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANIANI TAAFUA, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>QUANTUM GLOBAL TECHNOLOGIES, LLC; and DOES 1 thru 50, inclusive<br><br>DEFENDANTS. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b, et seq.;<br><br>2.  Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b, et seq.;<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff PANIANI TAAFUA ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

## I.
## INTRODUCTION

1. Defendant QUANTUM GLOBAL TECHNOLOGIES, LLC ("Defendant") is a Delaware Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Defendant provides outsourced process tool parts cleaning and engineering services.

3. Plaintiff applied, was hired, and performed work for Defendant in California.

4. Upon information and belief, during the application process, Defendant contracted with First Contact HR to conduct a background check. Plaintiff filled out Defendant's standard "Application Notice and Consent Document" form ("disclosure and authorization form") permitting First Contact HR to obtain a consumer report verifying Plaintiff's background and experience.

5. Plaintiff now brings this Class Action on behalf of himself and a nationwide class, defined as:

> "all persons in the United States who signed a background check form as administered by First Contact HR that included an authorization and a liability release clause at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court." (the "Proposed Class")

## II.
## JURISDICTION AND VENUE

6. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28

U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.
## THE PARTIES

### A. PLAINTIFF

8. Plaintiff applied, was hired and performed work for Defendant in California from September 14, 2015 through February 2018.

9. During the application process with Defendant, upon information and belief, Plaintiff was required to fill out Defendant's standard "Application Notice and Consent Document" form ("disclosure and authorization form") permitting First Contact HR to obtain a consumer report verifying Plaintiff's background and experience.

10. Plaintiff was confused by the standard disclosure and authorization form and did not understand that Defendant would be requesting a "consumer report" as defined in the FCRA. Nonetheless, upon information and belief, Defendant then secured a consumer report from First Contact HR.

### B. DEFENDANT

11. Defendant is a Delaware Corporation. At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of California including hiring and employees such as Plaintiff.

12. Defendant's entity address listed with the California Secretary of State is 1900 AM Drive Ste 200, Quakertown, PA 18917.

13. Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard form permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

14. With respect to the events at issue in this case, Defendant is liable for

the violations of law described in this Complaint.

15. Plaintiff is informed and believes and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant.

## IV.

## **NATURE OF THE ACTION**

16. The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports", the FCRA provides that a prospective employee must give valid consent to the background check. The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.

17. The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check. Importantly, no extraneous information can be attached or included on the consent form. The authorization and disclosure must stand-alone.

18. In violation of 15 U.S.C. §1681b(b)(2)(A)(i), Defendant has unlawfully inserted extraneous provisions into its standard forms purporting to grant Defendant the authority to obtain and use consumer report information for employment purposes for Plaintiff and all Proposed Class Members. The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand-alone forms, and not include any additional information or agreements. Defendant's decision to include extraneous information in its disclosure and authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

19. In violation of 15 U.S.C.§ 1681b(b)(2)(A)(ii), Defendant has obtained

consumer reports regarding Plaintiff and all Proposed Class Members without proper authorization because the authorization and disclosure forms failed to comply with the requirements of the FCRA.

20.  The inclusion of the liability waiver in Defendant's disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

21.  In addition, Defendant's failure to secure signed disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

## V.
## FACTUAL ALLEGATIONS

22.  Plaintiff applied to work for Defendant in California. In connection with the application, upon information and belief, Plaintiff was required to fill out Defendant's standard disclosure and authorization form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

23.  Plaintiff was confused by the standard form document and did not understand that Defendant would be requesting a "consumer report" as defined in the FCRA. Nonetheless, upon information and belief, Defendant then secured a consumer report from First Contact HR. Thereafter, Defendant hired Plaintiff.

24.  Defendant's standard application form states: "I release and hold harmless from all liability any individual or entity requesting or supplying information with respect to my application for employment."

25. Upon information and belief, Defendant required all applicants to complete the same standard disclosure and authorization form permitting Defendant to obtain a consumer report verifying the applicant's background and experience and containing a liability release.

26. Thus, in addition to the authorization and disclosure to obtain information about background and experience, Defendant's standard application form also contained a liability release provision.

27. The inclusion of this extraneous information in Defendant's standard form permitting Defendant to obtain a consumer report verifying an applicant's background and experience violates the FCRA, 15 U.S.C. § 1681, *et seq.*

28. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

29. Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that the form should not include any extraneous information. Further, the FTC has also specifically warned that the inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A), which requires that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

30. This requirement is meant to prevent the consumer from being distracted by other extraneous information side-by-side with this very important disclosure. The disclosure shall not be diminished in importance by including

unrelated information. The disclosure must be clear and conspicuous, understandable and noticeable.

31. By including extraneous information in its standard form permitting Defendant to obtain a consumer report verifying the applicant's background and experience, Defendant's conduct is contrary to the plain language of the statute. Defendant willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A).

32. Defendants' failure to provide a clear disclosure, in a document that consists solely of the disclosure, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. section 1681b(n)(2)(A)(i)–(ii). Because Defendant unlawfully included extraneous information in its standard form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience, Plaintiff was confused by the standard form document and did not understand that Defendant would be requesting a "consumer report" as defined in the FCRA.

## VI.

## THE CLASS

33. Plaintiff brings the First and Second Causes of Action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a Class composed of and defined as follows:

> "all persons in the United States who signed a background check form as administered by First Contact HR that included an authorization and a liability release clause at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court." (the "Proposed Class")

34. Plaintiffs reserve the right to amend or modify the Class description

with greater specificity or further division into subclasses or limitation to particular issues.

35. Defendant, as a matter of corporate policy, practice, and procedure, in violation of 15 U.S.C. §1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendant uniformly, unfairly, and unlawfully instituted a policy of obtaining consumer reports without valid authorization to do so.

36. Defendant uniformly violated the rights of the Proposed FCRA Class by violating the FCRA 15 U.S.C. §1681b(b)(2)(A)(i)-(ii) by unlawfully obtaining consumer reports without first obtaining valid signed authorization and disclosure forms.

37. This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A. <u>Numerosity</u>

38. The Proposed Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

39. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class.

B. <u>Commonality</u>

40. There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    a. Whether Defendant required members of the Proposed Class to fill out a standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience;

b. Whether Defendant's standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience complies with 15 U.S.C. §1681, et seq.;

c. Whether Defendant violated 15 U.S.C. §1681, et seq. by including extraneous information in its standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience;

d. Whether Defendant violated 15 U.S.C. §1681, et seq. by failing to obtain signatures on its disclosure and authorization form;

e. Whether Defendant violated 15 U.S.C. §1681, et seq. by procuring consumer reports without valid authorization; and

f. Whether Defendant's violations of 15 U.S.C. §1681, et seq. were willful.

C. <u>Typicality</u>

41. The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

42. Plaintiff is a member of the Proposed Class. Plaintiff was an applicant and filled out Defendant's standard form permitting Defendant to obtain a consumer report verifying an applicant's background and experience during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Class.

43. Plaintiff and other members of the Proposed Class suffered the same injuries and seek the same relief.

D. <u>Adequacy of Representation</u>

44. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

45. Counsel for Plaintiff are competent and experienced in litigating large complex consumer and wage and hour class actions.

### E. Predominance and Superiority of a Class Action

46. A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Proposed Class.

47. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

48. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

///

# VII.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## [15 U.S.C. § 1681b(b)(2)(A)(I), *ET SEQ.*]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

49. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

50. Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) of the FCRA by including extraneous information in its standard application form permitting it to obtain a consumer report verifying an applicant's background and experience that Defendant required Plaintiff and all other members of the Proposed Class to fill out as a condition of seeking employment with Defendant.

51. The violations of the FCRA were willful. Defendant knew that its standard application form permitting it to obtain a consumer report verifying an applicant's background and experience should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed Class under 15 U.S.C. § 1681b(b)(2)(A)(i).

52. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

53. Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

54. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C.

§1681n(a)(3).

## VIII.
## SECOND CAUSE OF ACTION
## FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA
## [15 U.S.C. § 1681b(b)(2)(A)(II)]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

55. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

56. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and all other members of the Proposed Class without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

57. The violations of the FCRA were willful. Defendant acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed Class under 15 U.S.C. § 1681b(b)(2)(A)(ii).

58. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59. Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

60. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the Proposed Class:

   A) That the Court certify the First and Second Causes of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B) A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA by improperly including extraneous information in its standard application form permitting it to obtain a consumer report verifying an applicant's background and experience and by obtaining consumer reports on Plaintiff and all other members of the Proposed Class without having proper authorization to do so;

   C) Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount equal to $1,000 for Plaintiff and all other members of the Proposed Class for Defendant's willful violation of the FCRA;

   D) Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and all other members of the Proposed Class;

   E) An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

   F) Such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

DATED: October 30, 2018

KINGSLEY & KINGSLEY, APC

By: _____
Eric B. Kingsley
Kelsey M. Szamet
Attorneys for Plaintiff