**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**DAVTYAN LAW FIRM, INC.**
EMIL DAVTYAN, Esq. SBN-299363
emil@davtyanlaw.com
880 E. Broadway
Glendale, CA 91205
(818) 875-2008, Fax (818) 722-3974

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANIANI TAAFUA, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>QUANTUM GLOBAL TECHNOLOGIES, LLC; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | Case No. 5:18-cv-06602-VKD<br><br>[Case Assigned for All Purposes to Hon. Judge Virginia K. DeMarchi]<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     February 16, 2021<br>Time:    10:00 a.m.<br>Dept.:    Courtroom 2, 5th Floor |

**MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 16, 2021, at 10:00 a.m., in the above-entitled Court located at the San Jose Federal Courthouse, 280 South 1st Street, San Jose, California 95113, Plaintiff PANIANI TAAFUA, an individual ("Plaintiff"), on behalf of himself, and on behalf of all persons similarly situated, through his attorneys of record ("Class Counsel") will, and hereby does, move the Court for an Order:

1. Granting Class Counsel's request for an award of attorneys' fees in the amount of $41,967.33 (24%) to be paid from the Global Settlement Fund pursuant to Federal Rule of Civil Procedure 23(h) and the legal standards set forth in the supporting memorandum of points and authorities filed herewith;

2. Granting Class Counsel's request for an award of litigation cost reimbursement in the amount of $1,993.72 to be paid from the of the Global Settlement Fund pursuant to Federal Rule of Civil Procedure 23(h) and the legal standards set forth in the supporting memorandum of points and authorities filed herewith; and,

3. Granting Plaintiff PANIANI TAAFUA an enhancement award of $3,500.00 for his services to the Settlement Class.

The Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Kelsey M. Szamet, Paniani Taafua, JND Legal Administration, the Amended Class Action Release and Settlement Agreement, all other papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: January 12, 2021

KINGSLEY & KINGSLEY, APC

By: */s/* Kelsey M. Szamet
    Kelsey M. Szamet
    Attorneys for Plaintiff and the Settlement Class

**MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................1

II. STATEMENT OF FACTS ............................................................................1

III. PLAINTIFF REQUESTS THAT THE COURT GRANT CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES ...............................................................................................................2

   A. Class Counsel Provided Adequate Notice to the Class of the Attorney Fee Request ..............................................................................2

   B. Class Counsel are Entitled to Fees and Costs under the Common Fund Doctrine ..............................................................................................3

   C. A Common Fund Award Calculated as 24% of the Settlement Is In Line with the Benchmark .....................................................................5

      1. Results Achieved and Risk of Litigation ...................................5

      2. Skills of Counsel and the Quality of Work................................6

      3. Contingent Nature of the Fee and the Financial Burden ............7

   D. Class Counsel's Fee Request is Reasonable Under a Lodestar Crosscheck...........................................................................................7

IV. THE COURT SHOULD APPROVE THE REQUEST FOR REIMBURSEMENT OF COSTS ..................................................................8

V. THE COURT SHOULD GRANT THE REQUESTED ENHANCEMENT TO THE NAMED PLAINTIFF ......................................................................9

VI. CONCLUSION............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ................................................................................................3, 4

*City of Detroit v. Grinnell Corporation*,
  495 F.2d 448 (2d Cir. 1974) ..........................................................................................7

*Del Llano v. Vivint Solar Inc.*,
  No. 17-cv-1429-AJB-MDD, 2018 WL 656094 (S.D. Cal. Feb. 1, 2018)..............6

*Glass v. UBS Financial Services, Inc.*,
  Case No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ............9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (1998) ..................................................................................................5

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010) ......................................................................................2

*In re Omnivision Tech., Inc.*,
  559 F.Supp.2d 1036 (N.D. Cal. 2008)...................................................... 3, 5, 8, 9

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
  148 F.3d 283 (3d Cir. 1998) ........................................................................................8

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ......................................................................................8

*Ingram v. The Coca-Cola Company*,
  200 F.R.D. 685 (N.D. Ga. 2001) ................................................................................9

*Missouri v. Jenkins by Agyei*,
  491 U.S. 274 (1989) ....................................................................................................8

*Nystrom v. City of Vacaville*,
  No. 204-CV-00330 MCE-PAN, 2009 WL 1327324 (E.D. Cal. May 12, 2009)..2, 3

*Paul, Johnson, Alston, & Hunt v. Graulty*,

886 F.2d 268 (9th Cir. 1989) ...................................................................................5

*Powers v. Eichen*,

   229 F.3d 1249 (9th Cir. 2000) ................................................................................5

*Staton v. Boeing Co.*,

   327 F.3d 938 (9th Cir. 2003) ................................................................................3, 5

*Van Vranken v. Atlantic Richfield Co.*,

   901 F. Supp. 294 (N.D. Cal. 1995) .........................................................................9

*Vincent v. Hughes Air West, Inc.*,

   557 F.2d 759 (9th Cir. 1977) ...............................................................................3, 9

*Vizcaino v. Microsoft Corp.*,

   290 F.3d 1043 1050 (9th Cir. 2002) ............................................................. 5, 7, 8

**<u>Federal Rules</u>**

Federal Rules of Civil Procedure Rule 23 ...................................................................2

Federal Rules of Civil Procedure Rule 23(e) ...............................................................2

Federal Rules of Civil Procedure Rule 23(h) ...............................................................1

Federal Rules of Civil Procedure Rule 23(h)(1) ..........................................................2

Federal Rules of Civil Procedure Rule 54(d)(2) ......................................................1, 2

## I. INTRODUCTION

Plaintiff PANIANI TAAFUA ("Plaintiff") seeks an order awarding Class Counsel attorneys' fees and costs and awarding the named Plaintiff an enhancement payment pursuant to the terms of the Parties' "Amended Class Action Release and Settlement Agreement" ("Amended Settlement" or "Amended Settlement Agreement").

Class Counsel seek fees in the amount of $41,967.33 (24%) to be paid from the Global Settlement Fund and reimbursement for costs actually incurred in the amount of $1,993.72[1] pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure. Class Counsel also requests an enhancement of $3,500.00 for Plaintiff Taafua in recognition of his work and risk incurred in serving as to the sole class representative litigating this case. These requests, and the particular amounts, conform with the amounts described in the Notice provided to Settlement Class members. Accompanying this Memorandum of Points and Authorities is a separate memorandum filed in support of Plaintiff's Motion for Final Approval of the Proposed Settlement.

## II. STATEMENT OF FACTS

The relevant procedural history is set forth in the concurrently-filed Motion for Approval of Class Action Settlement. To conserve the Court's time and resources, Plaintiff will not recite the same facts here. (*See* concurrently filed Motion and Declaration of Kelsey M. Szamet ¶¶5-9.)("Szamet Decl.")

///

---

[1] As of the date of this filing, Class Counsel has incurred $1,993.72, thus Counsel asks for less than the $2,200 allocated in the Amended Settlement Agreement for costs.

1
**MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS**

## III. PLAINTIFF REQUESTS THAT THE COURT GRANT CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES[2]

### A. Class Counsel Provided Adequate Notice to the Class of the Attorney Fee Request

Federal Rule of Civil Procedure 23(h)(1) requires a claim for attorneys' fees to be made by motion under Rule 54(d)(2) and for notice of the motion to be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner. Fed. R. Civ. P. 23. "The plain text of the rule requires that any class member be allowed an opportunity to object to the fee 'motion' itself." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010). In cases in which settlement approval is contemplated under Rule 23(e), notice of class counsel's fee motion should be combined with notice of the proposed settlement, and the provision regarding notice to the class is parallel to the requirements for notice under Rule 23(e). *See* Fed.R.Civ.P. 23 (h)(1), *Advisory Committee Notes*; *Nystrom v. City of Vacaville*, No. 204-CV-00330 MCE-PAN, 2009 WL 1327324, at *1 (E.D. Cal. May 12, 2009).

Pursuant to the Court's Order Granting Renewed Motion for Preliminary Approval of Class Settlement, Class Counsel provided adequate notice to the Settlement Class of their intention to apply for attorneys' fees of $41,967.33, which is 24% of the Global Settlement Fund, and to seek reimbursement of reasonable costs expended in the litigation. (Szamet Decl. ¶65; ECF No. 49-3, Ex. A, p. 3 (class notice)).

The Notice informed Class Members they could participate, object, or opt out of the settlement and provided detailed instructions. (Szamet Decl. ¶66; ECF No. 49-3, Ex. A, pp. 2, 4-5.)

---

[2] See Local Procedural Guidance for Class Action Settlements, Preliminary Approval ("PGCAS"), Final Approval (2).

The Settlement Administrator mailed notices to 1,040 Class Members on September 4, 2020. (Donaldson Decl. ¶ 4.) Pursuant to the terms of the Agreement, on September 18, 2020, JND sent the Notice via first-class regular U.S. mail to the 1,040 Class Members in compliance with the terms of the Settlement Agreement. (Szamet Decl. ¶67; Donaldson Decl. ¶5.)

Members of the Settlement Class had until November 17, 2020 to submit a valid request for exclusion or to object. (Donaldson Decl. ¶¶ 11, 13.)

Based on the declaration from the Settlement Administrator, there are zero (0) objections and two (2) requests for exclusion. (Donaldson Decl. ¶¶ 12, 14.) As of today, there are 1,038 Settlement Class Members. The favorable reaction of the Class Members is positive and weighs in favor of approval. (*Id at* Szamet Decl. ¶19.)

### B. Class Counsel are Entitled to Fees and Costs under the Common Fund Doctrine

Courts have long recognized that, when attorneys' efforts result in the creation of a common fund that benefits the plaintiff and unnamed class members, counsel have an equitable right to be compensated from that fund for their successful efforts in creating it. *See, e.g.*, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). "The common fund doctrine provides that a private plaintiff, or her attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of her litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *see also In re Omnivision Tech., Inc.*, 559 F.Supp.2d 1036, 1046 (N.D. Cal. 2008). This doctrine rests on the understanding that attorneys should normally be paid by their clients, and that unless attorneys' fees are paid out of the common fund, those who benefitted from the fund would be unjustly enriched. *Boeing*, 444 U.S. at 478. To prevent this unfair result, courts exercise their inherent equitable powers to assess attorneys' fees against the entire fund, thereby spreading the cost of those fees among all those who benefitted.

3

**MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS**

1  (*Id.*)

2  As detailed fully in the Amended Settlement Agreement, the Amended
3  Settlement provides for Defendant to pay a Global Settlement Fund of $174,980.00.
4  Amended Settlement at §§ II(2) and III(3).)  The parties agreed to, and the Court
5  preliminarily approved, the following allocation of the Settlement:

| *Category* | *Amount* |
|---|---|
| **Global Settlement Fund**: | **$ 174,980.00** |
| Class Counsel Fees (24%): | $ [41,967.33] |
| Class Counsel Costs: | $ [1,993.72][3] |
| Settlement Administration | $ [15,592.00] |
| Service Award to Plaintiff: | $ [3,500.00] |
| Net Settlement Fund: | $ 111,926.95[4] |

13  (Szamet Decl. ¶68; Donaldson Decl. ¶¶ 15-19.)

14  Class Counsel's application for an award of attorneys' fees in the amount of
15  $41,967.33 or 24% of the Global Settlement Fund created on behalf of the Class, is
16  reasonable and fair.  This litigation resulted in the creation of a common fund for the
17  Class, namely a non-reversionary settlement fund of $174,980.00.  Because none of
18  the class members have paid fees to Class Counsel for their efforts during the
19  litigation, equity requires them to pay a fair and reasonable fee based on what the
20  market would traditionally require, no less than if they had hired private counsel to
21  litigate their cases individually.  Class Counsel is therefore entitled to fees from the
22  settlement fund as a whole.

23  ///

---

[3]  The Amended Settlement Agreement provides for recovery of "reasonable amount of costs and expenses actually expended." Amended Settlement at § III(13).)  Class Counsel's incurred costs are $1,993.72 to date, lower than the $2,200 initially contemplated. (Ex. 2 to Szamet Declaration [cost report].)

[4]  Because Class Counsel's costs are $1,993.72 to date, the estimated Net Settlement Fund is actually $111,926.95, rather than the $111,720.67 estimated in the Declaration of Stephen L. Donaldson at ¶ 19. (See Szamet Decl. ¶69.)

### C. A Common Fund Award Calculated as 24% of the Settlement Is In Line with the Benchmark

The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33.33% of the total settlement value, with 25% considered the benchmark. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (1998); *Staton*, 327 F.3d at 952.

The ultimate goal in determining fees is to reasonably compensate counsel for their efforts in creating the common fund. *In re Omnivision*, 559 F.Supp.2d 1036, 1046 (N.D. Cal. 2008) (citing *Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 271-72 (9th Cir. 1989)).

> The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.

*Id.* (citing *Vizcaino*, 290 F.3d at 1048-50).

Class Counsel respectfully request that the Court approve the fees and costs to be paid in this action. Class Counsel seeks an award of 24% of the common fund or $41,967.33. The lodestar amount in this case is **$74,727.00** for Kingsley & Kingsley, which shows that the value of counsel's efforts to secure the common fund is in line with the amount requested. (Szamet Decl. ¶70.) Further, given the risks involved in class action contingency work, Plaintiff believes a request of 24% is justified. An award of $41,967.33 or 24% of the Global Settlement Fund reflects only 0.56 of the actual lodestar incurred. (Szamet Decl. ¶71.)

#### 1. Results Achieved and Risk of Litigation

Class Counsel obtained an excellent result for the Class in view of the strength of this case, the possible range of recoveries, and the great risks posed in continuing with this litigation. In particular, as discussed in the accompanying Motion for Final Approval of Class Action Settlement, the changing and uncertain legal environment

for Article III standing for claims under the FCRA made the ultimate outcome of this litigation uncertain. Further, there is uncertainty surrounding Plaintiff's ability to prove his claims given the unpredictability associated with class certification as well as complex jury trials. An in-depth discussion of the risks involved is included in Plaintiff's concurrently filed motion for final approval.

Despite these risks, Plaintiff and Class Counsel recovered $174,980.00 on behalf of the Settlement Class, that the class members would likely not have recovered independent of this action. Based upon the anticipated Net Settlement Fund, each of the 1,038 Settlement Class members shall each receive approximately $107.10. (Donaldson Decl. ¶20.)

### 2. Skills of Counsel and the Quality of Work

Class Counsel showed great skill, thoroughness, and diligence in investigating and developing the claims, liability theories, and estimated possible recoveries in this litigation. (Szamet Decl. ¶¶6-9, 104, 72.) Class Counsel have many years of experience litigating class action cases in the employment and consumer context. (Szamet Decl. ¶¶63-64.);

Class Counsel's loadstar ($74,727.00) is in line with the fee request ($41,967.33) (Szamet Decl. ¶73.) Significant legal research was required to prepare this case for settlement, and it was very difficult for the Parties to reach this Settlement. (Szamet Decl. ¶¶74, 104.) As shown in Plaintiff's motion for final approval, the legal issue of Article III standing is cutting-edge, complex, and district courts in the Ninth Circuit and across the country are split on what is sufficient for a "concrete injury" under the FCRA. (*E.g.*, *Del Llano v. Vivint Solar Inc.*, No. 17-cv-1429-AJB-MDD, 2018 WL 656094, at *1 (S.D. Cal. Feb. 1, 2018) (granting defendant's motion to dismiss plaintiff's FCRA claim for lack of Article III standing). Class Counsel's thoroughness in its research was critical to obtaining the Global Settlement Fund of $174,980.00. Moreover, Class Counsel gained important information (the FCRA background check form, Plaintiff's personnel file, the

number of Class Members, etc.) that allowed them to create an accurate damage model.  (Szamet Decl. ¶75.)

### 3. Contingent Nature of the Fee and the Financial Burden

It is recognized that one of the primary factors justifying an attorney fee award in cases such as this are the risks inherent in contingency fee litigation.  As observed in *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 470 (2d Cir. 1974):

> No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who had agreed to pay for his services, regardless of success.  Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended.

In addition to the complexity of this case, Class Counsel has borne the entire risk and costs of this litigation, all on a pure contingency basis. (Szamet Decl. ¶76.) Class Counsel has expended **152.40** hours on this case. (Szamet Decl. ¶77.) In addition, Class Counsel anticipates that they will continue to spend time on this matter throughout the final approval and settlement payout process. (Szamet Decl. ¶78.) Class counsel also incurred over $1,993, to date, in costs with no guarantee of repayment.  (Szamet Decl. ¶79.)

These are significant outlays of time and resources given the fee requested, and it is this kind of situation, involving high risk and complex issues, that has been recognized as justifying the requested fee award.

### D. Class Counsel's Fee Request is Reasonable Under a Lodestar Crosscheck[5]

A lodestar cross-check confirms that the percentage requested is reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 1050 (9th Cir. 2002) ("while the primary basis of the fee award remains the percentage method, the lodestar may

---

[5] See PGCAS, Final Approval (2).

1 provide a perspective on the reasonableness of a given percentage award"). Here, Class Counsel has spent **152.40** hours on this litigation, resulting in lodestar fees through the present of **$74,727.00**.[6] (Szamet Decl. ¶80.)  Class Counsel has submitted a declaration evidencing the reasonableness of the hours spent working on this case and of the hourly rates for their services. (Szamet Decl. ¶¶90-106.) Note that rates are provided at the current hourly rate, which is appropriate as a means of compensating for delay in payment. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989); *In re Washington Pub. Power Supply Sys. Sec. Litig.* 19 F.3d 1291, 1305 (9th Cir. 1994).

Using the above lodestar, the percentage of the fund requested represents only **0.56** of the lodestar incurred. (Szamet Decl. ¶82.) *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (holding that multipliers "ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied") (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998)). Comparison with the lodestar thus demonstrates that the requested fee award of 24% (**$41,967.33**) is reasonable. See *In re Omnivision Technologies, Inc.*, 559 F.Supp.2d 1036, 1048 (N.D. Cal. 2008) ("Comparison with the lodestar demonstrates that the requested 28% fee award is reasonable, and further supports the Court's decision to approve the fee application.")

## IV.  THE COURT SHOULD APPROVE THE REQUEST FOR REIMBURSEMENT OF COSTS

Class Counsel has incurred $1,993.72 in costs and requests reimbursement of that amount. (Szamet Decl. ¶107, Ex. 2 (cost report).)  Under the common fund doctrine, the attorneys whose efforts helped to create the fund are entitled to recover "the costs of . . . [the] litigation," in addition to attorneys' fees. *Vincent,* 557 F.2d at

---

[6] Class Counsel estimate they will need to spend additional time preparing for and attending the final approval hearing, responding to inquiries from Class Members, and preparing any final report that the Court requires verifying that the settlement distribution process has been carried out as ordered. (Szamet Decl. ¶81.)

769; *see In re Omnivision*, 559 F.Supp.2d at 1048-49 (awarding payment for reimbursement of expenses, plus interest from settlement fund; discussing that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters, including expenses for photocopying, printing, postage, messenger services, legal research in electronic databases, experts, consultants, and travel costs).

Here, all of the requested costs incurred are reasonable. (Szamet Decl. ¶108.) To date, Class Counsel has incurred costs for filing fees, postage and legal research. (Szamet Decl. ¶109; Ex. 2.) All of these costs were necessarily incurred in the course of this litigation, and all costs advanced have already been paid by Class Counsel. (Szamet Decl. ¶110.)

## V. THE COURT SHOULD GRANT THE REQUESTED ENHANCEMENT TO THE NAMED PLAINTIFF[7]

The Court should approve an enhancement of $3,500.00 to the named Plaintiff PANIANI TAAFUA for his work on behalf of the Class. (Szamet Decl. ¶111.) "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Company*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (internal quotations and citations omitted); *see also Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). In *Coca-Cola*, the Court approved service awards of $300,000 to each named plaintiff in recognition of the services they provided to the class by responding to discovery, participating in the mediation process, and taking the risk of stepping forward on behalf of the class. *Coca-Cola*, 200 F.R.D. at 694; *see also, e.g., Van Vranken*, 901 F. Supp. at 299 (approving $50,000 participation award to plaintiffs); *Glass v. UBS Financial Services, Inc.*, Case No. C-06-4068 MMC, 2007 WL 221862, at *17 (N.D. Cal. Jan.

---

[7] See PGCAS Final Approval (3).

26, 2007) (approving $25,000 enhancement to each named plaintiff).

Here, PANIANI TAAFUA spent significant time researching competent counsel before bringing this lawsuit. (Szamet Decl. ¶112; Taafua Decl. ¶5.) Once the lawsuit was filed, he helped to gather relevant employment documents in his possession. (Szamet Decl. ¶113; Taafua Decl. ¶¶4-5.) He had several conferences with Class Counsel to share information, discuss the status of the case and regularly checked in about the case's progress. (Szamet Decl. ¶114; Taafua Decl. ¶6.)

The Class Notice disclosed the enhancement award. Doc. No. 49-3, Ex. A [class notice], p. 3 (Class Counsel will request that the named Plaintiff, PANIANI TAAFUA, receive an enhancement award of up to $3,500 in his role as named Plaintiff, which will also be deducted from the Global Settlement Fund). (Szamet Decl. ¶115.)

As of today, no Class Member has objected to the proposed enhancement. (Szamet Decl. ¶116; Donaldson Decl. ¶ 14.) Under the circumstances, a representative payment of $3,500.00 is justified and the Court should award this payment to PANIANI TAAFUA from the common fund as provided in the Amended Settlement Agreement. (Szamet Decl. ¶117.)

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorneys' fees equal to 24% of the Global Settlement Fund, or $41,967.33, and reimbursement of costs of $1,993.72. Plaintiff also requests an enhancement for the Representative Plaintiff of $3,500.00. For the above reasons, all of these requests are justified as part of the overall settlement, and the Court should approve them as reasonable and fair.

///

*(Signature on next page)*

| | | |
|---|---|---|
| 1 | DATED: January 12, 2021 | KINGSLEY & KINGSLEY, APC |
| 2 | | By: /s/ Kelsey M. Szamet |
| 3 | | Kelsey M. Szamet |
| | | Attorneys for Plaintiff and the Proposed |
| 4 | | Class |